PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JIMMIE JOHNSON, | ) | |
| | ) | CASE NO. 1:16CV2189 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| LASHANN EPPINGER, Warden | ) | |
| | ) | **MEMORANDUM OF OPINION AND** |
| Respondent. | ) | **ORDER** |

Petitioner Jimmie Johnson, an Ohio prisoner at the Grafton Correctional Institution, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1), alleging two grounds for relief challenging the constitutionality of his conviction in the Cuyahoga County, Ohio Court of Common Pleas. The case was referred to Magistrate Judge Kathleen B. Burke for a Report and Recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.2(b)(2). The magistrate judge issued a Report (ECF No. 8) recommending that the Court dismiss or deny the Petition, finding that the Ohio Court of Appeals properly considered Petitioner's speedy-trial and ineffective-assistance claims. Petitioner objected (ECF No. 9), and the Warden did not reply. For the following reasons, the Court overrules Petitioner's objections, adopts the Report, and dismisses the Petition.

## I. Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct. The petitioner has the

(1:16CV2189)

burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008).

The Ohio Eighth District Court of Appeals summarized the facts leading up to Johnson's guilty plea as follows:

> {¶ 2} On October 20, 2009, a complaint was filed in the Cuyahoga County Court of Common Pleas, Juvenile Division, alleging the following:
>
>> Jimmie Johnson, a child of about the age of 15, is a delinquent child, as defined in ORC 2152.02(F), because on or about Sept. 22, 2009, in the vicinity of 6207 Broadway Ave., Cleve., Ohio, he purposely caused the death of Jerry Goodwin, in violation of [Ohio Rev. Code] 2903.02, an unclassified felony.
>
> {¶ 3} The complaint further alleged one- and three-year firearm specifications.
>
> {¶ 4} On January 21, 2010, the state moved for the juvenile court to relinquish jurisdiction under [Ohio Rev. Code] 2152.10(B) and requested a hearing under Juv.R. 30(A), arguing that "there is probable cause" that Johnson committed the act of murder alleged in the complaint and that "there may be reasonable ground to believe that [Johnson] is not amenable to rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children."
>
> *Probable Cause Hearing*
> {¶ 5} On March 15, 2010, the juvenile court held a joint probable cause hearing for both Johnson and D.S., who was also charged in connection with the shooting on September 22, 2009.
>
> * * *
>
> {¶ 7} Following the hearing, the juvenile court determined that there was probable cause to believe that Johnson committed the act charged and referred Johnson to the juvenile court clinic for an evaluation.
>
> *Amenability Hearing*
> {¶ 8} On May 6, 2010, the court held an amenability hearing to determine if Johnson could remain within the juvenile justice system or be bound over to the adult court.

(1:16CV2189)

* * *

> {¶ 20} At the conclusion of the hearing, the court stated the following on the record: " . . . [T]he Court will transfer Jimmie to the adult system where he will be tried as if he were an adult."

* * *

> *Transfer of Jurisdiction*
> {¶ 24} In May 2010, Johnson was bound over to the general division of the Cuyahoga County Court of Common Pleas after the juvenile court determined that he was "not amenable to care or rehabilitation within the juvenile court system." The grand jury subsequently indicted him with one count of murder, two counts of felonious assault, and two counts of attempted felonious assault, with all the charges carrying one- and three-year firearm specifications.
>
> *Guilty Plea and Sentence*
> {¶ 25} In February 2011, Johnson pleaded guilty to an amended indictment of involuntary manslaughter and two counts of felonious assault, with all counts carrying a three-year firearm specification.
>
> {¶ 26} In March 2011, the trial court imposed ten years on the involuntary manslaughter count to run consecutive to the three-year firearm specification and to the concurrent five-year terms on the felonious assault convictions, for a total sentence of 18 years.

ECF No. 5-1 at PageID#: 303-13; *State v. Johnson*, 27 N.E.3d 9 (Ohio Ct. App. 2015).

Petitioner appealed to the Ohio Court of Appeals and made several arguments, all summarized in the magistrate judge's Report. ECF No. 8 at PageID#: 494-95. The appellate court affirmed the conviction, and Petitioner filed a timely notice of appeal to the Supreme Court of Ohio. ECF No. 5-1 at PageID#: 336. The Ohio Supreme Court declined to accept jurisdiction, *Id.* at PageID#: 386, and Petitioner filed this federal habeas petition on August 31, 2016, asserting two grounds for relief. ECF No. 1.

(1:16CV2189)

First, Petitioner argues that his conviction was unconstitutional because he was denied his right to a speedy trial as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. *Id.* at PageID#: 15-19. Second, he argues his conviction was unconstitutional because his trial counsel provided ineffective assistance, also guaranteed by the Sixth and Fourteenth Amendments. *Id.* at PageID#: 19-26.

## II. Standard of Review

Parties must file any objections to a report and recommendation within fourteen days of service. Fed. R. Civ. P. 72(b)(2). Failure to object within this time waives a party's right to appeal the district court's judgment. *Thomas v. Arn*, 474 U.S. 140, 145 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

When a petitioner objects to the magistrate judge's Report and Recommendation, the district court reviews those objections *de novo*. Fed. R. Civ. 72(b)(3). A district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

Near verbatim regurgitation of the arguments made in earlier filings are not true objections. When an "objection" merely states disagreement with the magistrate judge's suggested resolution, it is not an objection for the purposes of this review. *Cvijetinovic v. Eberlin*, 617 F.Supp. 2d 620, 632 (N.D. Ohio 2008), *rev'd on other grounds*, 617 F.3d 833 (6th Cir. 2010). Such "general objections" do not serve the purposes of Fed. R. Civ. P. 72(b). *See Jones v. Moore*, No. 3:04CV7584, 2006 WL 903199, at *7 (N.D. Ohio April 7, 2006). "A party

4

(1:16CV2189)

who files objections to a magistrate [judge]'s report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court 'with the opportunity to consider the specific contentions of the parties and to correct any errors immediately.'" *Id*. (citing *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981)). If parties fail to properly object to a proposed finding of fact or conclusion of law, the district court may adopt the recommendation without further explanation. *Thomas v. Arn*, 474 U.S. 140, 144 (1985).

> Pursuant to 28 U.S.C. § 2254(d),
>
> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The Court conducts a *de novo* review of the portions of the magistrate judge's Report to which Petitioner has properly objected.

### III.  Discussion

Magistrate Judge Burke recommends the Court dismiss or deny the petition and provides two bases for rejecting each ground for relief. *See* ECF No. 8 at PageID#: 499-511. The magistrate judge reports, first, that Petitioner has waived both grounds for relief by pleading guilty to involuntary manslaughter and felonious assault; and second, that Petitioner fails on the merits of both arguments because there has been no "unreasonable application of clearly

5

(1:16CV2189)

established Federal law, as determined by the Supreme Court of the United States." *See id.*; 28 U.S.C. § 2254(d)(1). Petitioner objects that his speedy-trial argument is not waived, and that his entitlement to relief on both grounds is "clearly established." ECF No. 9.

Each objection is addressed in turn.

**A. Ground One: Speedy Trial Violation**

Generally, when criminal defendants plead guilty, they waive claims for relief based on pre-plea constitutional violations. Instead, they may only challenge whether their guilty plea was voluntarily and intelligently made. *Tollett v. Henderson,* 411 U.S. 258, 262-67 (1973) (discussing *Brady v. United States* 397 U.S. 742 (1970); *McMann v. Richardson*, 397 U.S. 759 (1970); *Parker v. North Carolina*, 397 U.S. 790 (1970)).

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.

*Tollett*, 411 U.S. at 267.

If, however, affirmative state law allows a defendant to appeal a given issue after pleading guilty, a federal court may review those issues in habeas corpus proceedings. *Lefkowitz v. Newsome*, 420 U.S. 283, 292-93 (1975). The United States Supreme Court recognized this exception to the plea-waiver rule in order to prevent setting "a trap for the unwary" by failing to respect a given state's appellate policy. *Id*. at 293. In *Lefkowitz*, the state of New York had enacted a statute allowing defendants to appeal certain pretrial constitutional claims after pleading guilty. *Id.* at 292-93. That policy permitted defendants to litigate their constitutional

(1:16CV2189)

grievances and obtain corresponding relief without needing to insist on going to trial. *Id.* The policy was aimed at relieving court congestion while maintaining the integrity of criminal defendants' constitutional rights. *Id.* at 293. For a federal court to ignore such an affirmative policy on a habeas petition would undercut the state's "commendable efforts" to promote expeditiousness and fairness. *See id.*

If a state has no such policy, however, then *Lefkowitz* has no application, and the general rule applies: claims arising from pre-plea constitutional violations are waived as a result of a valid guilty plea. *Tollett*, 411 U.S. at 267.

The magistrate judge recommends dismissing Petitioner's constitutional speedy-trial claim because it is waived by virtue of his guilty plea. ECF No. 8 at PageID#: 500-03. Petitioner objects that Ohio has a policy to the effect that "a defendant may raise his denial of constitutional speedy trial rights after a guilty plea." ECF No. 9 at PageID#: 514-15. As evidence of such a policy, he cites three cases from the Eighth Appellate District of the Court of Appeals of Ohio and states, "The Ohio Supreme Court has not struck down this law." *Id.* at PageID#: 515.

A closer look, however, reveals that, at most, Ohio courts are split as to whether a constitutional speedy-trial claim is waived by a guilty plea. *See State v. Johnson*, 2013 WL 5314587, at ¶¶ 4-5, ¶ 5 n.4 (Ct. App. Ohio, 2d Dist., Sept. 20, 2013) (describing the split and collecting cases). By appearances, the Eighth Appellate District is the only intermediate court in Ohio that follows Petitioner's preferred approach, *see* cases collected in *Johnson*, 2013 WL 5314587, at ¶ 4, and although the Ohio Supreme Court has not expressly rejected the theory, it has implied the opposite is correct. *See Partsch v. Haskins*, 191 N.E.2d 922, 923 (Ohio 1963)

7

(1:16CV2189)

("[E]ven assuming petitioner had made a demand for a speedy trial, when he entered his plea of guilty . . . it amounted to a withdrawal of such demand and waived his right to insist on the constitutional provisions relating to a speedy trial.").

Petitioner's preferred policy—that a guilty plea should not waive an appeal (and subsequent habeas petition) based on a constitutional speedy-trial claim—is not "state law" of the kind contemplated in *Lefkowitz*. Ohio does not have an affirmative policy, either by statute or consistent or widespread judicial practice, permitting defendants who plead guilty to appeal their convictions after the fact. The baseline rule therefore applies: a guilty plea operates as a waiver of all claims for pre-plea constitutional violations. *Tollett*, 411 U.S. at 267. Petitioner waived his speedy-trial claim by pleading guilty, and his first objection is accordingly overruled. His petition is dismissed as to ground one.

Petitioner's second objection insists that the delays in his prosecution amounted to an "unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *See* 28 U.S.C. § 2254(d)(1). Because the Court rules that Petitioner has waived his constitutional speedy-trial rights, it need not address his second objection.

**B. Ground Two: Ineffective Assistance of Counsel**

The magistrate judge further reports that Petitioner has waived his claim to ineffective assistance of counsel by pleading guilty, and recommends the Court dismiss the petition on that ground. ECF No. 8 at PageID#: 508-09. Petitioner does not object specifically to this recommendation. Instead, Petitioner focuses his efforts on objecting to the magistrate judge's

8

(1:16CV2189)

alternative recommendation that the Court deny the petition because Petitioner does not meet the standard for ineffective assistance set by *Strickland v. Washington*, 466 U.S. 668 (1984).

Because Petitioner fails to object to the magistrate judge's conclusion that he has waived his ineffective-assistance claim, the Court adopts the magistrate judge's conclusion of waiver pursuant to Fed. R. Civ. Pro. 72(b) and *Thomas v. Arn*, 474 U.S. 140, 144 (1985).

Claims arising from pre-plea constitutional violations are waived as a result of a subsequent valid guilty plea. Claims of ineffective assistance of counsel may be maintained on collateral attack only insofar as they call into question the validity of the guilty plea itself.

> When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*.[1]

*Tollett*, 411 U.S. at 267. Petitioner does not argue that his plea was anything less than knowing and voluntary. His claim of ineffective assistance of counsel is waived, and his third objection is accordingly overruled. His petition is dismissed as to ground two.

### IV. Conclusion

For the reasons given, the Court overrules Petitioner's objections, adopts the magistrate judge's Report and Recommendation, and dismisses the Petition. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and

---

[1] According to the Supreme Court in *McMann v. Richardson*, a defendant or habeas petitioner may challenge the knowing and voluntary character of a guilty plea by arguing that his counsel's advice to plead guilty was not "within the range of competence demanded of attorneys in criminal cases." 397 U.S. at 771.

9

(1:16CV2189)

that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

      IT IS SO ORDERED.


| October 9, 2018 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |